**Reversed and Remanded and Memorandum Opinion filed February 4, 2020.**



**In The**

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

**NO. 14-18-00998-CV**

**GIZATE  Y ADELA, Appellant**

**V.**

**HAMILTON COURT CONDOMINIUMS, Appellee**

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 1113076**

## MEMORANDUM  OPINION

Appellant, acting pro se, contends that the County Civil Court at Law No. 4 erred by dismissing her appeal de novo from the Justice Court for lack of jurisdiction. We hold that appellant timely filed a Statement of Inability to Afford Payment of Court Costs in the Justice Court to perfect the appeal to County Court. Thus, the County Court erred by granting appellee's motion to dismiss the appeal due to appellant's alleged untimely filing. We reverse the County Court's judgment and remand for proceedings consistent with this opinion.

## I. Background

Appellant filed a bill of review in the Justice Court, and the Justice Court signed a take-nothing judgment in appellee's favor. Appellant filed a motion for new trial, and the Justice Court denied the motion on June 11, 2018.

On June 13, appellant filed a Statement of Inability to Afford Payment of Court Costs in the Justice Court, as required to perfect an appeal to the County Court. *See* Tex. R. Civ. P. 506.1(a) ("A party may appeal a judgment by filing a . . . Statement of Inability to Afford Payment of Court Costs with the justice court within 21 days after the . . . motion for new trial, if any, is denied."); Tex. R. Civ. P. 506(h) ("An appeal is perfected when a bond, cash deposit, or Statement of Inability to Afford Payment of Court Costs is filed in accordance with this rule.")

The record also contains a "Notice of Filing of Statement of Inability to Pay to Appeal a Judgment in a Small Claims Case," dated June 13 and addressed to appellee from the Clerk of the Court for the Justice Court. The notice states that appellant "filed a Sworn Statement of Inability to Pay in order to appeal the Judgment in this proceeding signed 05/15/2018. The Sworn Statement of Inability to Pay was filed under Rule 506.1(d) of the Texas Rules of Civil Procedure."

A few months later, appellee filed in the County Court a motion to dismiss for lack of jurisdiction, alleging that appellant did not file the appeal until July 5, 2018, and therefore, the appeal was untimely. Appellee attached as evidence an "unofficial copy" of a letter dated July 6, 2018, from the County Clerk to appellant. The letter states that the "cause was appealed under a pauper's affidavit by [appellant] and filed in our office on July 05, 2018."

Appellant filed a "motion to deny [appellee's] motion to dismiss without hearing for lack of jurisdiction and impose appropriate sanctions." Appellant

2

attached the Statement of Inability to Afford Payment of Court Costs dated June 13, 2018. Appellant asked for sanctions under Rule 13 of the Texas Rules of Civil Procedure and Chapter 10 of the of the Civil Practice and Remedies Code.

The County Court signed an order sustaining appellee's motion to dismiss for lack of jurisdiction because appellant "failed to file his appeal timely," and then the court denied appellant's motion for new trial.

## II.     Arguments

In the first issue on appeal, appellant contends that appellee fraudulently used unofficial documents selectively downloaded from the trial court's website and misused Rule 506.1 and a notification letter from the Clerk of the Court. Appellant asks this court to reverse the trial court's judgment and remand for a trial de novo. *See* Tex. R. Civ. P. 506.3. Appellant also asks this court to sanction appellee and its counsel. Appellee has not filed a brief.

## III.     Analysis

The record shows that appellant timely perfected an appeal by filing a Statement of Inability to Afford Payment of Court Costs on June 13, 2018, within twenty-one days of the Justice Court's denial of the motion for new trial. *See* Tex. R. Civ. P. 506.1(a), (h). Accordingly, the County Court erred by dismissing the case for lack of jurisdiction based on the alleged untimeliness of the appeal.

Having apparently been persuaded by appellee's motion to dismiss, the County Court did not explicitly address appellant's motion for sanctions. Appellant cites no authority to suggest this court may, or should, impose sanctions under these circumstances. On remand, appellant may re-urge the motion for sanctions in the County Court if desired.

Appellant's first issue is sustained in part, and we do not address the remaining issues. *See* Tex. R. App. P. 47.1.

## IV. Conclusion

The County Court's judgment is reversed, and the case is remanded to the County Court for proceedings consistent with this opinion.


/s/    Ken Wise
       Justice


Panel consists of Justices Wise, Jewell, and Poissant.